UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| HOMER ALSON MADDIN, III, #372980, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) NO. 3:24-cv-00824 ) |
| KENNETH NELSON, Warden, | ) ) ) |
| Respondent. | ) |

**MEMORANDUM OPINION AND ORDER**

Homer Maddin III, a state inmate confined at the Riverbend Maximum Security Institution, has filed a pro se Petition for Writ of Habeas Corpus (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a Motion to Ascertain Status. (Doc. No. 6). The Petition claims that Petitioner is being unlawfully restrained of his liberty because he continues to be imprisoned after his 25-year sentence expired on June 11, 2024. (Doc. No. 1). Attached to the Petition are the April 30, 2004 judgments of the Davidson County Criminal Court following Petitioner's conviction on four counts of aggravated rape (Doc. No. 1-1 at 1–5) and a TOMIS Offender Sentence Letter dated January 9, 2019, which reflects that his sentence "expiration date" is June 11, 2024, while his "full expiration date" is November 28, 2027. (Id. at 6).

**I. PAUPER STATUS**

Petitioner's IFP application substantially complies with the requirements of Rule 3(a), Rules Gov'g § 2254 Cases (hereinafter, "Habeas Rules"),[1] and demonstrates Petitioner's inability

---

[1] The rules governing habeas filings under 28 U.S.C. § 2254 (which also apply to Section 2241 cases, see Habeas Rule 1(b)) require that petitioners seeking pauper status submit a declaration that they are unable to pay the fee accompanied by a certification of their inmate trust account balance. Habeas Rule 3(a).

to pay the five-dollar filing fee. Accordingly, the IFP application (Doc. No. 2) is **GRANTED**.

## II. INITIAL REVIEW OF THE PETITION

The Petition is now before the Court for an initial review under Habeas Rule 4, which requires the Court to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994).

In February 2004, Petitioner was convicted in Davidson County Criminal Court on four counts of aggravated rape and sentenced to 25 years in prison on each count, to run concurrently. (Doc. No. 1-1 at 1–5). Accordingly, his total effective sentence was 25 years at 100 percent, beginning March 12, 2003. (Id.). Petitioner's January 9, 2019 TOMIS Offender Sentence letter lists an earlier "expiration date" and a later "full expiration date." When Petitioner was not released from prison on the earlier, June 11, 2024 "expiration date," he filed this action in July.

Prior to filing a habeas petition in federal court, a petitioner must first exhaust his available state court remedies. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "A district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that a petitioner has not presented a habeas corpus claim to the state courts." Fralix v. Att'y Gen. for Tennessee, No. 1:23-CV-176-DCLC-CHS, 2023 WL 5517561, at *1 (E.D. Tenn. Aug. 25, 2023) (citing Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); Shah v. Quintana, No. 17-5053, 2017 WL 7000265, at *1 (6th Cir. July 17, 2017)).

For a habeas challenge such as the one at bar, asserting that sentence expiration or release eligibility have been improperly determined, state remedies must be pursued under the Uniform Administrative Procedures Act (UAPA). Murphy v. Dep't of Corr., No. 3:19-cv-00487, 2019 WL

2

4167343, at *2 (M.D. Tenn. Sept. 3, 2019) (citing, e.g., Hughley v. State, 208 S.W.3d 388, 395 (Tenn. 2006)). "In order to exhaust under the UAPA, a petitioner first must seek a declaratory order regarding the sentence calculation from [the Tennessee Department of Correction (TDOC)]," and, if no such order issues, "the petitioner may seek judicial review by seeking a declaratory judgment in the chancery court and may appeal the chancery court's adverse decision to the Tennessee Court of Appeals." Id. (citing cases).

Petitioner asks this Court to "enforce the terms of the Judgment" entered against him in Davidson County in 2004. (Doc. No. 1 at 3). But there is no indication in the Petition, in Petitioner's other filings (Doc. Nos. 2, 6), or in the online records of the Davidson County Chancery Court[2] that he pursued state remedies for his sentence-expiration claim prior to filing this federal habeas case. Indeed, the Petition states that "none of the issues raised herein have been ruled upon by a court in a prior proceeding." (Doc. No. 1 at 2). It is thus apparent from the face of the Petition that Petitioner has failed to exhaust his available state court remedies. Dismissal on that basis is therefore appropriate. See Fralix, 2023 WL 5517561, at *1 (dismissing habeas case "assert[ing] that [petitioner] has been held past his sentence expiration date," when it was "apparent from the face of the petition that Petitioner has not presented this claim" for available review at the state level).

### III. CONCLUSION

In light of the foregoing, Petitioner's Motion to Ascertain Status (Doc. No. 6) is **GRANTED**.

After preliminary review under Habeas Rule 4, the Petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies. Because reasonable jurists

---

[2] See https://chanceryclerkandmaster.nashville.gov/cases/public-records-search/ (last visited Mar. 12, 2025).

would not find it debatable that the Court is correct in its procedural ruling under the circumstances presented here, no certificate of appealability will issue. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

    IT IS SO ORDERED.

                                                                             WAVERLY D. CRENSHAW, JR.
                                                                             UNITED STATES DISTRICT JUDGE